**UNITED STATES of America, Appellee,**

v.

**Rick R. WILSON, Appellant.**

**No. 84–1672.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1985.

Decided March 26, 1985.

Michael L. Pritzker, Chicago, Ill., for appellant.

Christopher Hagen, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

PER CURIAM.

Rick Wilson was convicted in the United States District Court for the Southern District of Iowa, Chief Judge W.C. Stuart, presiding, of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (1982), and of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (1982). Wilson appeals his conviction, claiming his arrest and the search of the vehicle in which he was found violated the fourth amendment and therefore necessitates reversal. We affirm.

### Facts

On March 21, 1983, Ronald Smith, a patrolman for the Davenport Police Department, was dispatched to the front of Kresge's store at the Village Shopping Center in Davenport. Because the dispatch report stated that two persons at the scene appeared to be unconscious, Officer Smith requested assistance from an ambulance/fire crew. At the scene, Officer Smith found two men sitting in the front seat of a car parked in the firelane with the engine running. Their eyes were closed, their heads were tilted back, and they were slobbering from the mouth. Officer Smith opened the driver side door and requested that an ambulance personnel check the driver's vital signs. All of the driver's vital signs were normal. The ambulance personnel shook the driver to arouse him. The driver came to and Officer Smith instructed him to get out of the car. After getting out of the car, the driver, who appeared to be in a stupor, fell backwards, leaning against the car. Officer Smith asked the driver for identification and the driver produced a yellow coinpurse. When Officer Smith reached for the coinpurse, the driver pulled it back, sat down in the car again, and put the coinpurse back in his pocket. The driver then reached for something near his feet on the floor of the car. Officer Smith saw that the item was a glass tube, which he recognized as a cocaine sniffer. Officer Smith immediately grabbed the driver, pulled him out of the car, and placed him under arrest for public intoxication. The driver took the yellow coinpurse from his pocket and threw it on top of Officer Smith's patrol car and then stated the coinpurse was not his. Officer Smith opened the coinpurse and found four packets of white powder. He also found several large tablets in the driver's left rear pants pocket during a pat-down search. The driver was then detained in the rear seat of the patrol car.

After arresting the driver, Officer Smith returned to the car where the ambulance personnel was attempting to arouse the passenger, defendant Wilson. When Wilson came to, Officer Smith instructed him to get out of the car. Officer Smith then seized the cocaine sniffer from the driver-side floorboard and a leather satchel from the passenger-side floorboard. Officer Smith opened the satchel and found a white plastic baggie containing white powder and a billfold containing a driver's license and checks belonging to Wilson. A further search of the passenger compartment of the car produced a cocaine sniffer and cocaine spoon from the front-seat console, and a small black briefcase containing over one and one quarter pound of cocaine. The

district court found that, at this point, Officer Smith formally arrested Wilson for public intoxication.

The car was impounded at the Davenport Police Department garage. The following day, March 22, 1983, a Davenport Police Department detective searched the exterior, passenger compartment, and trunk of the car pursuant to Davenport Police Department policy. The search produced a scales mirror, a cutting board, and some notes indicating the car was being used by defendants to distribute cocaine at the time of the arrest.

### Discussion

 On appeal, Wilson contends that his warrantless arrest and the warrantless searches of the vehicle violated his fourth amendment rights because they were not justified under any valid exception to the warrant requirement. The district court, in its ruling on defendants' motion to suppress the evidence seized from their persons and the vehicle, found that the arrests and searches were justified by various exceptions to the warrant requirement. First, based on the information that the car was parked in a firelane with the engine running and was occupied by two apparently unconscious persons, Officer Smith had reasonable suspicion to detain both the car and its occupants. *See Delaware v. Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979); *Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889 (1968). After the driver appeared to be intoxicated, refused to produce any identification when asked, and re-entered the car to recover the cocaine sniffer, Officer Smith had sufficient probable cause to arrest the driver for public intoxication. After viewing the cocaine sniffer, the condition of both defendants, and the cocaine found on the driver's person, Officer Smith had probable cause to believe that there was contraband in the passenger compartment of the car. Under *United States v. Ross,* 456 U.S. 798, 823–24, 102 S.Ct. 2157, 2171–72, 72 L.Ed.2d 572 (1982), a search of any containers found inside the car that may conceal the object of the search is reasonable. In addition, under *New York v. Belton,* 453 U.S. 454, 462–63, 101 S.Ct. 2860, 2865–66, 69 L.Ed.2d 768 (1981), a lawful custodial arrest of a car's occupants justifies a contemporaneous warrantless search of the passenger compartment of the car. Thus, Officer Smith's search of the leather satchel, the front console, and the black briefcase was reasonable. In fact, a search of containers several days after the original search of the vehicle in which they were found was recently held to be reasonable by the United States Supreme Court. *United States v. Johns,* —— U.S. ——, 105 S.Ct. 881, 887, 83 L.Ed.2d 890 (1985). The subsequent inventory search of the car was reasonable because it was conducted for valid law enforcement purposes and pursuant to established police policy. *South Dakota v. Opperman,* 428 U.S. 364, 376, 96 S.Ct. 3092, 3100, 49 L.Ed.2d 1000 (1976).

We agree with the district court's analysis of the fourth amendment issues in this case. Accordingly, we affirm the judgment of conviction and sentence entered below.