**STATE of Utah, Plaintiff and Respondent,**

v.

**Douglas Reed JONES, Defendant and Appellant.**

**No. 17432.**

Supreme Court of Utah.

April 1, 1982.

Ginger L. Fletcher, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals the denial of his motion to dismiss a felony theft charge based on a contention that to pursue the case would constitute double jeopardy under the Fifth Amendment to the United States Constitution.

The appellant was being tried by a jury for the offense charged, when the arresting officer testified that after the *Miranda* warning had been given to the appellant, the latter stated that he "didn't want to make a statement." Defense counsel objected on the grounds he was surprised, contending that the prosecutor had breached a full disclosure agreement by not divulging evidence in the state's possession.

The court, in the absence of the jury, admonished the witness that he could not testify as to any inculpatory statements made by the appellant after his arrest and the administration of the *Miranda* warning because of the prosecution's failure to disclose the content thereof before trial. The prosecutor joined in such admonition and stated that he also was surprised by the witness' testimony. On resuming the stand, and in apparent misunderstanding of the cautionary enjoinder of the court and prosecution, the witness made the same error and improperly commented on and gave his conclusions as to what the appellant had said after having been given the *Miranda* warning.

Defense counsel renewed his objection in chambers. He moved for a "mistrial," which was granted by the court and the case was set for trial at a future date. The court remarked that although the prosecution set the stage for a mistrial, the court "did not believe its actions were made intentionally."

The record reflects that the court's observation was accurate and there was no evidence whatever to insinuate that the prosecutor had been guilty of any intentional misconduct, designed to provoke a new and more favorable trial.

■ The authorities generally hold that if a defendant asks for a mistrial, he waives any defense he might otherwise assert based on double jeopardy, even though the prosecution provoked the error. As this Court stated in *State v. Ambrose* :[1]

> The State may usually retry an accused if he procures the declaration of a mistrial; however, the double jeopardy clause bars retrial where bad faith conduct by a judge or prosecutor is intended to provoke a mistrial request and thereby allow the State an additional opportunity to convict the defendant. [Citations omitted.]

In *United States v. Jorn* [2] the Supreme Court had the following to say as to the defense of once in jeopardy, where the trial judge similarly declared a mistrial:

> If that right to go to a particular tribunal is valued, it is because, independent of the threat of bad-faith conduct by judge or prosecutor, the defendant has a significant interest in the decision whether or not to take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial. Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error.

In *United States v. Dinitz,* [3] the Supreme Court, in holding that a judge's action in stopping a trial was not done in bad faith, said:

> The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where "bad-faith conduct by judge or prosecutor," *United States v. Jorn,* supra, [400 U.S.] at 485 [91 S.Ct. at 557], threatens the "[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict" the defendant. [Citation omitted.]

■ The appellant here concedes the applicability and dispositive nature of the above pronouncement which require bad faith and motive to provoke a more favorable trial in order successfully to claim once in jeopardy as a defense to another trial. We disagree with appellant's counsel that any such degree of bad faith or maneuver to obtain a more favorable trial maintained here, but hold that the record actually reflects good faith and absence of such motive.

Affirmed.

DURHAM, J., does not participate herein.

---

1. Utah, 598 P.2d 354 (1979), footnote 8 thereof.

2. 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

3. 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).