**STATE of Utah, Plaintiff and Appellee,**

v.

**Steven A. PEARSON, Defendant and Appellant.**

**No. 900628–CA.**

Court of Appeals of Utah.

Sept. 20, 1991.

**582**

David E. Yocom, Salt Lake County Atty. and Joe Greenlief (argued), Asst. County Atty., Salt Lake City, for plaintiff-appellee.

Catherine Hammarsten (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant-appellant.

Before BENCH, GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

This is an appeal from an interlocutory order denying defendant's motion to dismiss criminal charges on the ground of double jeopardy. We affirm.

On October 1, 1990, during a jury trial, defendant's counsel asked defendant, "You were offered a plea bargain in this case, were you not?" The prosecution objected and the trial court sustained the objection based on Rule 410 of the Utah Rules of Evidence. The court then excused the jury. After reviewing the trial tape, the prosecution moved for a mistrial, or in the alternative, a strongly worded instruction to the jury to disregard the question.[1]

After hearing argument from both sides, the court concluded that under Rule 410, testimony regarding an offer to a defendant to plea bargain should not be admissible either for or against a defendant. The court granted the motion for a mistrial, stating that the question asked by defense counsel was prejudicial to the prosecution and that the jury, having heard the question would now doubt the strength of the prosecution's case. The case was again set for trial whereupon defendant moved to dismiss the charge, alleging retrial was precluded by the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Utah Code Ann. § 76-1-403 (1990). The court denied the motion and this appeal followed.

## STANDARD OF REVIEW

"A trial court's ruling on a motion for mistrial should not be upset unless it clearly appears the trial court abused its discretion." *State v. Grueber*, 776 P.2d 70, 75 (Utah App.), *cert. denied*, 783 P.2d 53 (Utah 1989). "We presume the trial court exercised proper discretion unless the record clearly shows to the contrary." *Logan City v. Carlsen*, 799 P.2d 224, 225 (Utah App.1990) (citations omitted).

## INADMISSIBILITY OF PLEA DISCUSSIONS

Plea bargaining is an essential component of the criminal justice system, and as such, is sanctioned by the Utah Rules of Evidence. *See, e.g.,* Utah R.Evid. 410. "Properly administered, [plea bargaining] is to be encouraged." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). Rule 410 of the Utah Rules of Evidence, upon which defendant relies, provides for the general inadmissibility of plea negotiations.[2]

---

1. We note that while couched in terms of a question, defense counsel's reference to the plea bargain was actually a statement to defendant, which required merely an affirmation.

2. Utah Rule of Evidence 410 states in part:
    Except as otherwise provided in this rule, evidence of the following is not, in any civil

or criminal proceeding, admissible against the defendant who made the plea or was a participant in plea discussions:

.　.　.　.　.

    (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea

Defendant argues that because Rule 410 only prohibits the use of plea bargain statements which are "against" the defendant, defendant should have been allowed to introduce evidence of the State's offer and defendant's refusal of a plea bargain. The State claims that while Rule 410 is weighted toward protection of the defendant, the underlying intent of the rule is to prohibit the introduction of evidence which would be adverse to a fair trial and must have been intended to apply to both prosecution and defense.

■ While this issue is one of first impression in this state, it has been addressed by the federal courts. We may look to federal cases in interpreting the rules when the Utah and federal rules are identical. *See Salt Lake City v. Holtman*, 806 P.2d 235, 237 & n. 2 (Utah App.1991) (interpreting Utah R.Evid. 103). Rule 410 is taken verbatim from its federal counterpart, Federal Rule of Evidence 410. In *United States v. Verdoorn*, 528 F.2d 103, 107 (8th Cir.1976), the court looked at the applicability of Fed.R.Crim.P. 11 in a fact situation similar to the present case.[3] In *Verdoorn*, the trial court did not allow the three defendants to show that each had been offered possible reduced counts and/or lighter sentences in exchange for their testimony. Defendants wished to admit this evidence in order to challenge the credibility of the government's entire case by showing the lengths to which the government went in attempting to obtain vital testimony. The court refused to admit this evidence, stating that Fed.R.Crim.P. 11(e)(6) provided for the general inadmissibility of offers to plea and related statements in connection therewith.[4]

■ We agree. Fairness dictates that the restriction should apply to both parties in the negotiations. Significant issues of public policy also support the position that evidence of plea discussions in which the defendant participated should not be admissible either against or in favor of the defendant. The policy of promoting plea discussions between defendants and the government would be substantially undermined by allowing a defendant to use the government's offer to plea bargain as evidence in his or her favor. *See generally id.* In the present case, the trial court addressed this policy, stating that it would be unfair to allow counsel for defendant to prejudice the State's case by implying that because a plea bargain was offered, the State may have doubted the strength of their own case.

Other state courts have come to the same conclusion.[5] Our Arizona counterpart, in *State v. Linden*, 136 Ariz. 129, 664 P.2d 673, 682 (Ariz.App.1983), held that defense counsel's intention to show that defendant's confession was the result of a deal made with the police or the prosecutor "necessarily implicated the prohibitions against introducing evidence of a plea discussion with the prosecutor." *Id.* (citing Ariz.R.Evid. 410, which is identical to Utah R.Evid. 410; and Ariz.R.Crim.P. 17.1).

Similarly, the courts of appeal of Ohio and Indiana have held that evidence that a defendant refused to accept the State's plea bargain was not admissible by the defendant. *See State v. Davis*, 70 Ohio App.2d 48, 434 N.E.2d 285, 287 (1980) (to allow such evidence would "have a serious and perhaps devastating effect on the use of plea bargaining ..."); *Hineman v. State*, 155 Ind.App. 293, 292 N.E.2d 618, 623 (1973) (any communication relating to

---

of guilty or which result in a plea of guilty later withdrawn.

However, such a statement is admissible (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it....

**3.** The language of Fed.R.Crim.P. 11(e)(6) is identical to the language of Utah R.Evid. 410 which is at issue here.

**4.** The court also stated that under the rationale of Fed.R.Evid. 408, which relates to the general inadmissibility of compromises and offers to compromise, government proposals concerning pleas should be excludable.

**5.** We have found no appellate decisions which have reached a contrary result, given the narrow issue before us.

plea bargaining negotiations offered by defendant is inadmissible). *See also State v. Wright*, 266 Ind. 327, 363 N.E.2d 1221 (1977) (Indiana Supreme Court adopting *Hineman* approach).

Accordingly, we affirm the trial court's ruling that the parties' plea negotiations were inadmissible evidence.[6]

## DOUBLE JEOPARDY

Having determined defense counsel's question regarding plea negotiations was objectionable, we must now determine if it rose to the level of legal necessity, requiring a mistrial. Defendant urges us to answer this question in the negative, barring him from further prosecution.

In the present case, the trial court, addressing the necessity for a mistrial, stated, "I don't do that very often. This is about the third one in twenty-something years on the bench. It's after all day, it's a waste of everybody's time to do this, but I feel that to protect the rights of all the parties, it has to be done in this case." Defendant argues that the misconduct which occurred, if any, was minor and that a curative instruction would have been sufficient.

■ There is a constitutional guarantee that no person shall be twice put in jeopardy for the same offense. *See* U.S. Const., Amend. V.; *see also State v. Trafny*, 799 P.2d 704, 709 (Utah 1990). Jeopardy attaches "when an accused is put on trial in a court of competent jurisdiction, upon a valid indictment (or information), and a jury has been sworn and impaneled." *State v. Ambrose*, 598 P.2d 354, 358 (Utah 1979) (citations omitted). *See also State v. Musselman*, 667 P.2d 1061, 1065 (Utah 1983) (jeopardy attaches when first witness is sworn and court begins to take evidence). There is no dispute that jeopardy attached in the instant case. A jury had been sworn and impaneled, and evidence had been presented.

■ Utah law further establishes "that discharge of the jury without a verdict operates as an acquittal unless: (1) the defendant consents to the discharge, or (2) 'legal necessity'[7] requires the discharge in the interest of justice." *Ambrose*, 598 P.2d at 358 (citations omitted). The doctrine of legal necessity means that absent the consent of the defendant to a mistrial, the court must refrain from prematurely discharging the jury unless it determines, after careful inquiry, that discharging the jury is the only reasonable alternative to insure justice under the circumstances. *Id.*

■ In this case, the trial court found the statement of defense counsel to be highly prejudicial to the prosecution because of the doubt it likely placed in the minds of the jurors as to the strength of the prosecution's case. The court carefully weighed the added expense and time that would be required by declaring a mistrial, but indicated that it had to do so in this case. This is not a case where bad faith conduct by the trial court or prosecutor was intended to provoke a mistrial, affording the prosecution a second opportunity to convict. In such cases, double jeopardy does bar retrial. *See, e.g., United States v. Dinitz*, 424 U.S. 600, 607–08, 96 S.Ct. 1075, 1079–80, 47 L.Ed.2d 267 (1976).[8]

■ Because the trial court is in the best position to determine the possible juror bias that may have resulted from defense

6. Although no objection based on Utah R.Evid. 401 or 402 was made at trial, we seriously question whether plea negotiations are relevant evidence in a criminal prosecution. The negotiation strategy and positioning of either the defense or the prosecution is not evidence of the elements of the crime charged. *See Davis*, 434 N.E.2d at 288.

7. The concept of legal necessity is synonymous, for our purposes, with "manifest necessity," the term used by other jurisdictions and by the United States Supreme Court. *See State v. Kay,*

717 P.2d 1294, 1304 & n. 11 (Utah 1986); *Ambrose*, 598 P.2d at 358.

8. However, we do not hold, as the State urges us to do, that because it was defendant's improper statements which resulted in a mistrial, he should be viewed as inviting the error from which he now appeals. *See, e.g., Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *Trafny*, 799 P.2d at 709; *State v. Jones*, 645 P.2d 656, 657 (Utah 1982) (per curiam); *Ambrose*, 598 P.2d at 357.

counsel's question and the likelihood of removing the bias through a cautionary instruction, that finding is entitled to deference by this court. Inasmuch as the trial court had an articulable basis for declaring a mistrial, we conclude that it did not abuse its discretion in so doing. We therefore affirm the trial court's determination that a mistrial was necessary in this case to meet the ends of justice.

## CONCLUSION

We determine defendant's other issue raised on appeal to be without merit,[9] and remand for a new trial.

GREENWOOD and BENCH, JJ., concur.

---

9. Defendant relies on *State v. Ambrose*, 598 P.2d 354 (Utah 1979), for the proposition that the granting of the mistrial should not be affirmed because the trial court failed to make sufficient findings. Defendant notes that the trial judge did not voir dire the jury to probe for prejudice nor did he explain why the error was so grave that it could not possibly be cured by an instruction to the jury.

The reasons for granting the motion for mistrial in the present case are clear from the trial transcript. It is also clear that the judge did not act hastily or without considering the arguments for both sides before making his decision. The trial judge thus satisfied the constitutional standards as set forth in *Ambrose*. *See also Arizona v. Washington*, 434 U.S. 497, 514–16, 98 S.Ct. 824, 835–36, 54 L.Ed.2d 717 (1978) (record must contain sufficient justification for the granting of a mistrial).