277 N.J. Super. 582 (1994)
649 A.2d 1368
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SUNDAY ORJI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 28, 1994.
Decided December 8, 1994.
*583 Before Judges MUIR, D'ANNUNZIO and EICHEN.
*584 Susan L. Reisner, Public Defender, attorney for appellant (Claudia Van Wyk, of counsel and on the letter brief).
Deborah T. Poritz, Attorney General, attorney for respondent (Annmarie Cozzi, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by EICHEN, J.S.C., temporarily assigned.
On this appeal, defendant claims that the judge erred in refusing to allow proof that defendant rejected the State's offer of Pretrial Intervention (PTI). Defendant claims this evidence was relevant to show "consciousness of innocence."
After a jury trial, defendant was convicted of one count of third degree theft by deception (N.J.S.A. 2C:20-4). The judge sentenced defendant to a five-year probationary term conditioned upon serving 220 days in the county jail and payment of a $30 V.C.C.B. penalty. Restitution in the amount of $8,408.40 was also imposed as a condition of probation.
Although not raised in the Law Division, on appeal defendant also claims that the judge failed to make proper findings as to defendant's ability to pay restitution and the amount of restitution in violation of N.J.S.A. 2C:43-3 and 2C:44-2.
We affirm.

I.
Defendant was found guilty of theft by deception in connection with an organized check-kiting scheme which caused financial loss to Midlantic Bank in the amount of $8,408.40. Evidence of defendant's guilt was overwhelming. The evidence consisted of multiple eyewitness identifications, bank surveillance depicting defendant as he engaged in the alleged illicit acts, the presence of defendant's fingerprints on the checks in question, and defendant's proximity to the bank when he was arrested during what appeared to be a continuation of the check-kiting scheme.
*585 Defendant contends that the trial judge erred in excluding evidence at trial of his rejection of the State's offer to participate in PTI. Defendant proffered this evidence to establish his consciousness of innocence, contending it was relevant evidence on the ultimate question of his guilt or innocence of the offense charged.[1]
On December 2, 1991, three days after his arrest, defendant signed a standard Pretrial Notice and Application form acknowledging that he had been advised about the availability of PTI and indicating his intention to participate in the program. Sometime thereafter defendant, without explanation, rejected the State's offer of PTI.
The Pretrial Notice and Application form signed by defendant provided in relevant part as follows:
The Pretrial Intervention Program (PTI) is a program... which allows certain defendants to earn a dismissal of their charges with the consent of the prosecutor and court. Any defendant charged with a crime may apply for this program. However, the program is normally limited to first offenders who have not had prior rehabilitative opportunities such as probation or parole. A defendant may participate in the Pretrial Intervention Program only once. PTI participation is voluntary and may include monthly reporting, community service, restitution, psychological/alcohol/drug evaluation and counselling. The program generally consists of a six month to three year term during which the defendant's charges are held open. A dismissal of the defendant's charges is granted only after successful completion of the program requirements. However, the defendant will still have the arrest listed in his/her Criminal History.
Prior to the commencement of the trial on March 15, 1993, defense counsel informed the court that he wished to present proof to the jury of defendant's rejection of the offer to enter PTI to prove defendant's innocence. Counsel explained
[T]he inference I'd like to draw from that, clearly, if he's offered the opportunity to avoid a criminal conviction by entering a pretrial diversion program and doesn't do so, the jury can believe he's innocent....
*586 As noted, the judge declined to permit defendant to introduce this evidence, rejecting defendant's argument that the evidence was highly relevant and not excludable by any rule or other provision of law.
The issue is one of first impression in New Jersey. The threshold question governing the admissibility of the evidence of defendant's rejection of the State's offer of PTI is whether it is "relevant evidence." Evid.R. 1(2) defines "relevant evidence" as "evidence having any tendency in reason to prove any material fact." (N.J.R.E. 401 currently defines "relevant evidence" as "evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action.") All relevant evidence is admissible. Evid.R. 7(f) (now N.J.R.E. 402). Conversely, irrelevant evidence is not admissible. State v. Hutchins, 241 N.J. Super. 353, 358, 575 A.2d 35 (App.Div. 1990). "[T]he test of relevancy [is] the probative value of the proffered evidence with respect to the points in issue, ... whether such evidence renders the desired inference more probable than it would be without the evidence." State v. Deatore, 70 N.J. 100, 116, 358 A.2d 163 (1976). Thus, the concept of relevance is concerned with "the logical connection between the proffered evidence and a fact in issue." State v. Hutchins, supra, 241 N.J. Super. at 358, 575 A.2d 35.
Applying these principles to the evidence at issue in this case, we conclude that defendant's rejection of the State's offer to enter PTI was not probative on the issue of his guilt or innocence because we are not persuaded that evidence of defendant's rejection of the State's offer of PTI rendered the desired inference of innocence more probable than it would have been without the evidence. Relevancy has two parts: materiality and probative value. Id. at 359, 575 A.2d 35; McCormick on Evidence, § 185 at 771 (4th Ed. 1992). In light of our determination that the evidence is inadmissible because it lacked probative value, we do not address whether defendant's claim of innocence is a "material fact." Evid.R. 1(2).
*587 PTI "is an alternative procedure ... to the traditional process of prosecuting criminal defendants.... [I]t provide[s] prosecutors with another means to dispose of cases and the opportunity to reduce the backlog of litigated cases which currently plagues the courts.... [At the same time] it relieves a selected class of criminal suspects [those who are amenable to rehabilitation] of the time-consuming and often debilitating rigors of the criminal process...." State v. Leonardis, 71 N.J. 85, 89-90, 94, 363 A.2d 321 (1976).
A defendant who rejects the opportunity for admission into PTI may do so for reasons completely unrelated to his guilt or innocence. For instance, he or she may choose to decline the program because its requirements are too onerous or restrictive, or because he or she believes the State's evidence is weak and that the charge could be defeated easily, thus enabling defendant to avoid exposure to an extended probationary-like period. In this case, by signing the Pretrial Notice and Application form defendant understood he would have to earn the right to a dismissal by participating in a program that could extend over three years, require monthly reporting for counselling, regular drug evaluations and participation in community service.
To secure an order for enrollment in PTI a defendant is not required to admit guilt. Guideline 4 for Operation of Pretrial Intervention in New Jersey, approved by the Supreme Court of New Jersey pursuant to R. 3:28. In that respect PTI differs from securing a judicial approval of a plea offer. Thus, a defendant cannot reasonably give as an excuse for declining PTI that acceptance of the offer would necessarily require fabrication of guilt, an argument that could be advanced in connection with a defendant who rejects a plea offer on grounds that he is innocent. In the context of PTI, a defendant can continue to maintain innocence while participating in the program.
Other jurisdictions have dealt with the issue of whether evidence of a defendant's rejection of a plea offer is admissible to prove a defendant's consciousness of innocence and have questioned *588 its relevance. See, State v. Woodsum, 137 N.H. 198, 624 A.2d 1342, 1343 (1993); State v. Pearson, 818 P.2d 581, 584, n. 6 (Utah Ct.App. 1991). In State v. Woodsum, the Supreme Court of New Hampshire astutely observed that evidence of rejection of a plea offer by a defendant to prove his consciousness of innocence is at best "weak" evidence:
The rejection of a plea offer is, in effect, nothing more than a prior statement consistent with the defendant's plea at trial, and thus adds little to the information before the jury. (citation omitted) Furthermore, a defendant's posture in plea negotiations at a date after the alleged offense reflecting his or her counselled decision to seek a jury's acquittal, is at best weak evidence of the defendant's state of mind at the time of the alleged crime, and is not relevant to any other element of a chargeable offense; (emphasis supplied).
Id., 624 A.2d at 1344. To the extent that evidence of rejection of a plea offer may be viewed as "weak evidence," we conclude rejection of an offer of PTI has even less probative value. We also agree with the rationale in State v. Woodsum that a defendant's rejection of a plea offer, or as in this case, PTI, constitutes, in effect, a prior consistent statement offered to bolster defendant's credibility and, as such, is excludable under Evid.R. 20 (now N.J.R.E. 607). See also, U.S. v. Greene, 995 F.2d 793, 798-99 (8th Cir.1993).
In the absence of any logical connection between defendant's rejection of the State's offer of PTI and his professed innocence, the relationship between the two is remote and highly speculative. We are satisfied the trial judge did not err in excluding the evidence as not relevant under Evid.R. 1(2).
Finally, we note that even if the evidence were conceded to have had some marginal probative value to defendant's claim of innocence, the evidence would have been excludable under Evid.R. 4 (now N.J.R.E. 403) because its probative value was so substantially outweighed by the risk that its admission would necessitate undue consumption of time, confuse the issues and mislead the jury. See, State v. Woodsum, supra, 624 A.2d at 1344. This is particularly so in light of the many and varied factors that might lead a prosecutor to consent to PTI admission in the first instance.

*589 II.
At sentencing the court ordered restitution in the amount of $8,408.40. Defendant's claim of entitlement to a restitution hearing is unavailing. While we recognize that a defendant is entitled to a restitution hearing under certain circumstances, those circumstances do not exist here. No dispute exists as to amount of restitution. During the pendency of this appeal, defendant withdrew his challenge to the amount of the loss. Moreover, during the sentencing hearing, defense counsel suggested that defendant would have the funds to pay restitution:
If you wish to punish Mr. Orji further, obviously that [jail time] is one way to do it, but certainly he has $8,400 to pay as restitution, and as the expression goes, you can't get blood from a stone, you can't get blood from a person who is in jail.
Defendant raised no objection to the concession made by his counsel nor did he dispute his ability to pay. Consistent with counsel's representation, we believe that defendant has the ability to pay restitution. There was evidence in the pre-sentence investigation report that defendant has a bachelor's degree in marketing and is gainfully employed as the owner-operator of a limousine-taxi service. From this evidence the judge properly could have inferred that defendant had the ability to pay the restitution ordered. Also, the court gave defendant the maximum probationary sentence, N.J.S.A. 2C:45-2, thereby allowing a maximum duration for payment of restitution.
At sentencing a trial court may order restitution to cover the victim's loss. N.J.S.A. 2C:43-3; State v. Rhoda, 206 N.J. Super. 584, 591, 503 A.2d 364 (App.Div.), certif. denied, 105 N.J. 524, 523 A.2d 167 (1986). Restitution exists to deny defendant pecuniary gain from the offense. State v. Newman, 132 N.J. 159, 164, 623 A.2d 1355. A court in determining the amount of restitution is required to consider defendant's financial resources, including likely future earnings and ability to pay. N.J.S.A. 2C:44-2c(2).
While we recognize due process normally requires a hearing on both the ability to pay and the time period for making restitution, we are satisfied the requirement does not apply to the *590 circumstances here. There is no dispute as to the amount ordered or defendant's ability to make restitution over the five years of probation. No restitution hearing is required here.
Affirmed.
NOTES
[1] We decline to address the constitutional violation asserted in the point heading of defendant's brief as it was not raised or decided in the Law Division nor briefed on this appeal.