Hillsborough-northern judicial district
No. 93-371

### THE STATE OF NEW HAMPSHIRE

v.

### DOUGLAS JAMES

July 27, 1995

*Jeffrey R. Howard*, attorney general (*Janice K. Rundles*, senior assistant attorney general, on the brief and orally), for the State.

*Joachim Barth*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, Douglas James, appeals from his conviction for simple assault, RSA 631:2-a (1986), by a jury verdict in Superior Court (*Groff*, J.). He argues that the trial court erred by refusing to admit expert testimony concerning his mental illness, which he argues would tend to show he did not have the requisite *mens rea* at the time of the assault. We affirm.

The defendant was involved in an altercation with the police during which he assaulted a police officer. The defendant claimed that he suffered from a bipolar manic depressive disorder and at the time of the assault he was in a manic phase. Prior to trial, the State moved to exclude the expert testimony of the defendant's psychiatrist, Dr. James Reinhard. The defendant objected, arguing that Dr. Reinhard's testimony would explain the diagnosis and manifestations of manic-depression and would assist the jury in understanding the defendant's mental state at the time of the offense. Specifically, he argued that the evidence was relevant to whether the defendant had the requisite intent to commit the crime. The Superior Court (*Arnold*, J.) granted the State's motion, finding that "[t]he defendant . . . failed to demonstrate how the disputed testimony [would] negate intent, rather than simply presenting a confusing theory of defense similar to justification or excuse."

"The trial court has wide discretion in admitting or excluding an expert opinion, and we will not reverse its decision unless we find a clear abuse of discretion." *State v. Paris*, 137 N.H. 322, 332, 627 A.2d 582, 588 (1993) (quotation omitted).

The defendant argues that the trial court's exclusion of the proffered expert testimony violated his State constitutional right to present all favorable proofs. N.H. CONST. pt. I, art. 15. "[T]his right is not absolute." *State v. Woodsum*, 137 N.H. 198, 201, 624 A.2d 1342, 1344 (1993). The defendant does not have a right to present irrelevant or confusing evidence, "for such evidence is not competent, favorable proof." *Id.* In this case, the defendant was attempting to introduce evidence of a mental illness in order to negate his

intent. In essence, he was arguing that due to his manic-depressive disorder he could not form the requisite intent on the day in question. This is a classic insanity defense claim. *See, e.g., State v. Shackford*, 127 N.H. 695, 701, 506 A.2d 315, 318 (1986) ("[T]he test for criminal insanity is whether insanity negated criminal intent.").

We have previously held that evidence of a mental disease or defect that deprives the defendant of the ability to form a specific intent is "within the purview of the insanity statute." *State v. Sylvia*, 136 N.H. 428, 433, 616 A.2d 507, 510-11 (1992). The statute identifies insanity as a defense, which the defendant has the burden of proving by clear and convincing evidence, RSA 628:2, II (Supp. 1994), and which requires compliance with certain notice requirements, RSA 628:2, III (1986). The defendant failed to comply with the notice requirements of the statute. The trial court, therefore, properly excluded the testimony of the defendant's expert. *State v. Plummer*, 117 N.H. 320, 328, 374 A.2d 431, 436 (1977).

*Affirmed.*

All concurred.