**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1855-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

      v.

SHANNON M. SIDOREK,

      Defendant-Appellant.

_____

          Submitted February 25, 2019 – Decided  April 16, 2019

          Before Judges Gooden Brown and Rose.

          On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 13-04-0480.

          Joseph E. Krakora, Public Defender, attorney for appellant (Stephen W. Kirsch, Assistant Deputy Public Defender, of counsel and on the brief).

          Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On April 30, 2013, defendant Shannon M. Sidorek was indicted by a Burlington County grand jury and charged with first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) (count one); second-degree vehicular homicide, N.J.S.A. 2C:11-5(a), (count two); and third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1), (count three). On April 12, 2017, defendant executed a plea agreement, pursuant to which she entered an "open plea"[1] to count two of the indictment, conditioned only upon the State's agreement to dismiss the remaining charges and related motor vehicle summonses. On August 31, 2017, she was sentenced to a five-year term of imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and ordered to pay restitution in the amount of $21,028.41. She now appeals raising the following point for our consideration:

> THE MATTER SHOULD BE REMANDED FOR A RESTITUTION HEARING; NO FINDING WAS MADE OF DEFENDANT'S ABILITY TO PAY THE LARGE RESTITUTION ORDER.

We agree and remand.

---

[1] An "open plea" is a plea "that d[oes] not include a recommendation from the State, nor a prior indication from the court, regarding sentence." State v. Kates, 426 N.J. Super. 32, 42 n.4 (App. Div. 2012).

The charges stemmed from defendant's involvement in a 2012 two-car motor vehicle accident in which the driver of the other vehicle was killed, and defendant, who was unconscious, was airlifted from the crash site to an area hospital. There has been extensive motion practice in this case, including appellate litigation, challenging the constitutionality of the warrantless seizure of evidence from defendant's vehicle at the scene, as well as blood drawn from defendant at the hospital without a warrant, none of which is pertinent to the sole issue raised in this appeal.[2] See State v. Sidorek, No. A-2877-13 (App. Div. Oct. 7, 2014); State v. Sidorek, No. A-2877-13 (App. Div. Apr. 15, 2016).

Pertinent to this appeal, at the sentencing hearing, the State asked the trial court to impose the maximum sentence for a second-degree offense of ten years' imprisonment, subject to NERA. N.J.S.A. 2C:43-6(a)(2). In contrast, defendant asked the court to sentence defendant "to a term appropriate to a crime of one degree lower," pursuant to N.J.S.A. 2C:44-1(f)(2), and impose a three-year term of imprisonment, subject to NERA. The court rejected both requests and, based upon its assessment of the aggravating and mitigating factors, sentenced

---

[2] Initially, defendant continued to challenge the denial of her suppression motion in this appeal. However, she subsequently withdrew that challenge in its entirety.

A-1855-17T3

defendant to a five-year term of imprisonment, subject to NERA, the minimum term for a second-degree conviction.

In imposing the sentence, the court found aggravating factor three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); and aggravating factor nine, N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law"), giving each factor "moderate weight."  In mitigation, the court accepted defendant's arguments and found mitigating factor six, N.J.S.A. 2C:44-1(b)(6) ("defendant . . . will compensate the victim . . . for the damage or injury . . . sustained"); mitigating factor seven, N.J.S.A. 2C:44-1(b)(7) ("defendant has no history of prior delinquency or criminal activity"); mitigating factor nine, N.J.S.A. 2C:44-1(b)(9) ("[t]he character and attitude of the defendant indicate that [s]he is unlikely to commit another offense"); and mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11) ("[t]he imprisonment of the defendant would entail excessive hardship to . . . [her] dependents").  The court determined that "[t]he mitigating factors . . . outweigh[ed] the aggravating factors on both a qualitative and a quantitative basis[,]" and, on September 1, 2017, entered the memorializing judgment of conviction that is the subject of this appeal.

A-1855-17T3

On appeal, defendant argues the court "simply imposed $21,028.41 in restitution with no statement of reasons," in violation of "basic sentencing principle[s]" and N.J.S.A. 2C:44-2(c)(1), requiring consideration of "defendant's ability to pay . . . when imposing restitution." We agree.

"[R]estitution is proper only when the loss sustained by a victim is the direct result of the criminal offense." State v. Newman, 132 N.J. 159, 169 (1993). In imposing restitution, "the court must balance the goals of victim-compensation and offender-rehabilitation, and thoughtfully establish a fair and reasonable amount of restitution and method of repayment." Id. at 173. Indeed, before imposing restitution, "due process requires a hearing on both the ability to pay and the time period for making restitution." State v. McLaughlin, 310 N.J. Super. 242, 264 (App. Div. 1998) (quoting State v. Orji, 277 N.J. Super. 582, 589 (App. Div. 1994)).

Specifically, before imposing restitution, courts are to consider "if the defendant is able, or given a fair opportunity to do so, will be able to . . . make restitution." Newman, 132 N.J. at 169 (quoting N.J.S.A. 2C:44-2(b)). "If the court is satisfied that a defendant possesses or could possess that ability, it may set 'the amount and method of payment . . . tak[ing] into account the financial resources of the defendant and the nature of the burden that its payment will

impose.'" Ibid. (alterations in original) (quoting N.J.S.A. 2C:44-2(c)). "[I]n determining the amount and method of payment of restitution, the court . . . shall set the amount of restitution so as to provide the victim with the fullest compensation for loss that is consistent with the defendant's ability to pay." McLaughlin, 310 N.J. Super. at 263 (quoting N.J.S.A. 2C:44-2(c)).

Here, the restitution sought consisted of expenses incurred by the decedent's husband for various funeral expenses and attorney fees. The expenses were itemized in the Victim Impact Statement submitted to the court and counsel as part of the presentence report, to which defendant had no objections or corrections. The presentence report also indicated that defendant, a single mother of two young children, was a high school graduate, attended Burlington County Community College for three months, and worked as a waitress and an after-school helper.

Defendant does not appear to dispute the propriety of the court ordering restitution, which she besought at sentencing, her obligation to pay restitution to "the nearest relative of the victim," or the amount of the "loss[.]" N.J.S.A. 2C:44-2(b)(1). Absent from this record, however, is the court's findings of defendant's ability to pay the amount of restitution ordered and the terms of payment. To that point, although defendant acknowledged in her sentencing

allocution that she "work[ed] seven days a week," she explained that "in New Jersey[,] it[ is] not easy. It[ is] very expensive and I[ am] by myself." Defense counsel also represented that "[i]n the five[-]and-a-half years since the pendency of this case and [defendant's] release from jail[,] she has worked full[-]time" but "[i]t has not been easy for her to raise these two children."

Although the court noted that "defendant work[ed] full[-]time," was "raising two children" as "a single mother," and "expressed a willingness to pay restitution[,]"[3] the court failed to assess her ability to pay restitution and the terms of payment. We have held that after a court decides to award restitution, "the ability to pay and the time period for making restitution" should ordinarily be explained by the court. Orji, 277 N.J. Super. at 589-90; see also State v. Kennedy, 152 N.J. 413, 425 (1998); McLaughlin, 310 N.J. Super. at 264-65. Indeed, under N.J.S.A. 2C:46-1(a), "the court may grant permission for the [restitution] payment to be made within a specified period of time or in specified installments." "If no such permission is embodied in the sentence, the . . . restitution shall be payable forthwith[.]" Ibid. Even "[w]hen a defendant

---

[3] In the plea form, defendant had also indicated that she was "aware that [she] must pay restitution if the court finds there is a victim who has suffered a loss and if the court finds that [she is] able or will be able in the future to pay restitution[.]"

sentenced . . . to make restitution is also sentenced to a custodial term . . . , the court may require the defendant to pay installments on the . . . restitution." N.J.S.A. 2C:46-1(b)(2).

Thus, we affirm defendant's conviction and sentence, but vacate the restitution imposed, and remand the matter for a restitution hearing for the trial court to assess defendant's ability to pay and establish the terms of payment pursuant to the proofs adduced at the hearing. <u>See</u> N.J.S.A. 2C:46-1. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION