# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5362-16T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

E.F.,

      Defendant-Appellant.

_____

Submitted April 29, 2019 – Decided May 9, 2019

Before Judges Haas and Susswein.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 09-10-0709.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Lauren E. Bland, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant E.F. appeals from the May 26, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

After a jury trial on a two-count indictment, defendant was convicted of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2) (count one), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count two). The trial court sentenced defendant to sixteen years in prison on count one, subject to an 85% period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and to a concurrent seven-year term on count two, which was also subject to NERA. The judge ordered defendant to pay $8120 in restitution to the Victims of Crime Compensation Fund (the Fund) for the monies it spent on counseling services for the victim, and advised him he was subject to Megan's Law registration and reporting requirements, and parole supervision for life.

Defendant appealed his conviction and sentence. We affirmed, and our Supreme Court denied certification. State v. E.F., No. A-4015-12 (App. Div. Jan. 13, 2015), certif. denied, 221 N.J. 566 (2015).

Defendant then filed his petition for PCR, contending that his trial counsel rendered ineffective assistance due to the attorney's "pervasive lack of preparation

and investigation." In support of this bald assertion, defendant alleged that the attorney only met with him on three occasions prior to the trial, once "at a status conference just before the trial date[,]" a second time "at the first trial call" a week before the trial, and "on the Friday before trial." As a result, defendant argued that the attorney had "no time to interview witnesses or gather documentary evidence that [he] felt was important."

Among other things, defendant complained that the attorney did not arrange for an "evaluation" of the child victim to "refute" her claim that defendant "plied [her] with alcohol or drugs over an extended period to seduce her." He also asserted that the attorney did not submit a photograph of a distinguishing scar on his leg at trial that the child stated she had not seen as a means of challenging her credibility. Defendant also complained that his attorney did not request a restitution hearing at the time of sentencing.

In a thorough forty-one-page written decision, Judge Bradford M. Bury considered these contentions and denied defendant's petition. The judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

A-5362-16T1

In so ruling, the judge conducted a meticulous review of the entire trial transcript. Contrary to defendant's assertion that his attorney was unprepared to proceed at trial, Judge Bury found that the attorney had a wealth of trial experience, and had been representing defendant for four months prior to the trial, after replacing his prior counsel.[1] Pointing to numerous examples in the record where the attorney took effective, strategic measures to represent defendant, Judge Bury further found that the attorney

> zealously and effectively cross-examined the State's witnesses and made appropriate evidentiary objections in advancing the cause of his client throughout the trial, in addition to presenting affirmative defense proofs, as requested by the defendant following his knowing, intelligent, and voluntary decision to testify. [The attorney's] defense was vigorous and beyond competent. Unfortunately for the defendant, the direct and circumstantial evidence, including his own confession, was substantial.

Under these circumstances, the judge concluded that defendant failed to show "that further consultation time with trial counsel . . . would have yielded a more favorable result in this case."

Judge Bury next found that defendant's claims that his attorney failed to adequately investigate his case or present additional evidence were unsupported,

---

[1] Thus, the judge rejected defendant's contention that the attorney "was assigned to the case one month before the trial[.]"

A-5362-16T1

bald assertions that were insufficient to establish that he received ineffective assistance. Although defendant argued that the attorney should have sought to have the child victim "evaluated" prior to the trial in 2012 concerning the alcohol he allegedly gave her in 2008, he failed to "specify the type of evaluation which should have been requested in 2012, what such an evaluation would reveal as to events in 2008, or how the lack of such evaluation worked to prejudice his case."

Similarly, the judge found that contrary to defendant's unsupported claim, his attorney did cross-examine the victim about whether she remembered defendant having any scars, which resulted in her statement that she could only remember that defendant had scars on his hands. The attorney was then able to "elicit[] testimony from [d]efendant regarding the mark on the inner thigh of his right leg[,]" that the child could not recall having seen, and he addressed this point again in his summation.

Defendant also complained that his attorney was ineffective because he did not address an "eight to ten-minute" gap in the transcript of defendant's statement to the police; "retrieve" defendant's cellphone, which might have contained "exculpatory emails, photographs, and records"; or introduce the child's diary into evidence. In rejecting these arguments, Judge Bury stated:

> With regard to defendant's allegation that the omitted portion of the audio recorded statement

prejudiced him, . . . defendant offers no details as to what was included in this missing portion of his recorded statement, and also offers no explanation as to how he was prejudiced thereby.

With regard to the alleged failure of counsel to retrieve his cell phone, . . . defendant does not offer any specific details as to what "exculpatory evidence" allegedly existed as to his ex-wife and victim's motive to lie, and their manipulation of . . . defendant for green cards. Defendant ignores, however, [his attorney's] skillful cross-examination of both . . . defendant's ex-wife and victim as to their motives to lie. . . .

Defendant's allegation that trial counsel was ineffective for failing to introduce the victim's diary at trial is without merit, as his conduct can be attributed to a strategic decision. The diary apparently described multiple acts of sexual assaults by . . . defendant upon the victim. Therefore, admission of the diary would likely have had a prejudicial effect upon . . . defendant's case.

Judge Bury also rejected defendant's claim that he was entitled to PCR relief because the sentencing judge did not conduct a restitution hearing. The judge noted that defendant did not raise any claim in advance of the sentencing that he disputed the Fund's bills, or was unable to pay restitution. As the judge also discussed with the parties at oral argument, defendant could not show any prejudice due to the lack of a restitution hearing because defendant did not contest that once he was released at the conclusion of his sentence, he would be able to

A-5362-16T1

arrange a workable payment plan to meet this obligation while on parole supervision for life.

The judge also found that an evidentiary hearing was not necessary because defendant failed to prove a prima facie case of ineffective assistance. This appeal followed.

On appeal, defendant raises the following contentions:

POINT I

THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR A PERVASIVE LACK OF PREPARATION AND INVESTIGATION.

POINT II

TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE FOR NOT PURSUING A RESTITUTION HEARING; THEREFORE, THE RESTITUTION ORDER MUST BE VACATED OR, IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that

A-5362-16T1

"provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his or her right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 52 (1987). Under the first prong of the test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is,

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate with "reasonable probability" that the result would have been different had he or she received proper advice from his or her trial attorney. Strickland, 466 U.S. at 689.

We have considered defendant's contentions on appeal in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Bury in his comprehensive written opinion, and add the following comments.

It is well established that a claim of ineffective assistance must rest on more than "bald assertions." State v. Jones, 219 N.J. 298, 311-12 (2014) (internal quotation marks omitted) (quoting State v. Porter, 216 N.J. 343, 355 (2013)). Where, as here, a defendant claims his or her attorney failed to investigate the case, the defendant must state the facts that an investigation would have revealed,

supported by affidavits or certifications. <u>Porter</u>, 216 N.J. at 353 (citing <u>Cummings</u>, 321 N.J. Super. at 170).

Applying these principles, Judge Bury properly rejected defendant's contention in Point I that his attorney did not adequately prepare for trial or investigate his contentions. The judge correctly noted that defendant failed to present any concrete evidence in support of his naked claims and, in his thoughtful opinion, the judge cited numerous examples of the attorney taking steps to advance defendant's defense, including addressing the specific concerns defendant now asserts were ignored at trial. The record also fully supports the judge's conclusion that the attorney's performance never fell below a standard of reasonableness, or that any of counsel's purported failures led to a prejudicial result. Therefore, Judge Bury correctly determined that defendant did not meet either prong of the <u>Strickland</u> test.

Turning to defendant's contentions in Point II, we agree with Judge Bury that the sentencing judge's failure to conduct a restitution hearing did not warrant post-conviction relief under the circumstances of this case. It is well established that before ordering restitution pursuant to N.J.S.A. 2C:44-2(b)(2), the sentencing court must first determine that the defendant has a present or future ability to pay restitution. <u>State v. Newman</u>, 132 N.J. 159, 169 (1993). If there is a good faith

dispute over the amount of loss or the defendant's ability to pay, the court is required to conduct a restitution hearing in order to resolve those issues. N.J.S.A. 2C:44-2(c); State v. Jamiolkoski, 272 N.J. Super. 326, 329 (App. Div. 1994). On the other hand, where there is no controversy as to the amount and ability to pay, a hearing is not required. State v. Orji, 277 N.J. Super. 582, 589-90 (App. Div. 1994).

In his petition, defendant never claimed that he disagreed with the amount of the bills the Fund submitted for the cost of the victim's counseling services.[2] He also never advised his trial attorney that he might not be able to afford to pay restitution at the time of sentencing or when he was released from prison on parole supervision for life at the conclusion of his lengthy sentence. Absent any timely allegation by defendant that he disagreed with either the bills or his ability to pay restitution at sentencing or upon release, there was simply no basis for his trial attorney to seek an ability to pay hearing. Ibid. Therefore, his attorney was not ineffective by failing to request one.

Likewise, defendant did not allege that he advised his appellate attorney that he believed the bills were incorrect or that he would never be able to pay them.

---

[2] The Fund provided these bills in advance of the sentencing, and they were included in the presentence report, which defendant's attorney reviewed with defendant prior to the sentencing.

<span>A-5362-16T1</span>

An appellate counsel is not ineffective for failing to raise every issue imaginable. State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007). Instead, appellate counsel is afforded the discretion to construct and present what he or she deems are the most effective arguments in support of their client's position. Ibid. Therefore, that attorney's decision not to raise this argument on direct appeal was within his professional discretion under prong one of the Strickland test.

In addition, even if a hearing should have been held, defendant failed to establish prejudice under the second Strickland prong. As Judge Bury pointed out at oral argument, defendant still did not challenge the amount of the Fund's bills, or present any reason why he would not be able to establish a reasonable installment payment plan based upon his future earnings at the time of his release on parole supervision for life. Therefore, we reject defendant's contention on this point.

Finally, because defendant failed to establish a prima facie case of ineffective assistance of counsel, the judge was not required to conduct an evidentiary hearing on defendant's PCR application. Preciose, 129 N.J. 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5362-16T1