STATE of Utah, Plaintiff and
Respondent,

v.

Max LLOYD, Defendant and Appellant.

No. 17903.

Supreme Court of Utah.

March 25, 1983.

James A. Valdez, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted by jury of burglary[1] and possession of burglary tools.[2] Prior to the present trial, he had been tried, but the jury could not arrive at a verdict, resulting in a mistrial. At that trial, the defendant had filed a motion in limine asking suppression of a damaged padlock in evidence, which motion was denied.

At the second trial, no such motion was made and no objection was made to the introduction of the padlock and other tools, which an expert testified were commonly employed as burglary tools. Nonetheless, the defendant, after the second trial, urged two points on appeal, one of which was alleged error in the first trial in admitting the padlock into evidence over objection. The other point was that the evidence was insufficient to support the verdict.

The first point is without merit for two reasons: (1) what happened by way of ruling on the admissibility of evidence in the first trial, has nothing to do with anything that eventuated at the second trial, which was a trial anew, with no kinship whatever with the first case;[3] and (2) the defendant made no motion in limine at the second trial, nor did he object to the padlock or other enumerated tools, so that such claim of error in admitting them in evidence is not reviewable for the first time on appeal.[4]

---

1. In violation of U.C.A., 1953, § 76–6–202.

2. In violation of U.C.A., 1953, § 76–6–205.

3. *State v. Johnson,* 100 Utah 316, 114 P.2d 1034 (1941).

4. *State v. Peterson,* 121 Utah 229, 240 P.2d 504 (1952).

As to the claimed insufficiency of evidence, it is equally without merit, as is reflected in the following condensed statement of the facts in this case, which we deem sufficient for the jury to have warranted the guilty verdict.

The site of the burglary was a laundry room in an apartment complex. At about 3:30 a.m., the apartment manager noticed a light on in the laundry room and went to investigate. He saw a pair of hands manipulating the lock on a coin box, and was confronted by two men who left the building and then broke into a run, one to the south and one around a parked, green Dodge van. He began chasing them without success and called the police, describing the van and the place he saw it last. Shortly thereafter, he heard sirens and saw flashing lights and went to the site where the police had pulled the van over, and where one of the officers was conversing with the defendant. The manager identified defendant as well as the van.

Defendant was placed under arrest and a search of the van revealed burglary tools, including a lock decoding tool, master keys, and a "Best" padlock which had been cut, and which was the subject of the motion in limine at the aborted first trial. Other tools, including tension wrenches, were found on defendant's person, that, according to an expert, were of the type employed in the commission of burglaries.

The record reflects no reversible error as claimed by the defendant. Therefore, the verdicts and judgments are affirmed.

DURHAM, J., did not participate herein.