HARRIS, Judge.
Hite was charged with leaving the scene of an accident resulting in death and causing death while driving with a suspended or revoked license. He was convicted of the lesser offenses of leaving the scene of an ae-cident and driving with a suspended or revoked license. The physical evidence and statements made by Hite to his brothers presented a compelling ease against Hite. The issue on appeal, however, involves a statement testified to by the arresting officer which was made by Hite at the time of his arrest:
He was very emotional. He was — he told me that he wanted to get on with his life, and he did make some question into if he pled to this, what kind of time he was looking at.[1]
The defense moved for mistrial on the ground that the State had violated the provisions of section 90.410, Florida Statutes, by introducing evidence of an offer to plead guilty. For the following reasons, we affirm the trial court’s denial of the motion.
First, the statement was not an offer; it was at most an inquiry that might lead to an offer. But even if this unsolicited question could be termed a “statement made in connection with” a plea offer, it was made to someone who had no authority to negotiate on behalf of the State. The arresting officer simply could not offer Hite a deal. Applying Stevens v. State, 419 So.2d 1058 (Fla.1982), cert. denied, 459 U.S. 1228, 103 S.Ct. 1236, 75 L.Ed.2d 469 (1983), there was no “reasonable, subjective intent to engage in plea negotiations.”
Second, the motion for mistrial was withdrawn. When the court offered to give a curative instruction, defense counsel responded “we’ll throw out that objection.” Earlier, defense co-counsel had said in relation to a curative instruction, “we will withdraw the objection for purposes of issuing the instruction.” The decision on whether to grant a mistrial or to give a curative instruction instead is within the sound discretion of the trial judge. See Cedno v. State, 545 So.2d 495 (Fla. 3d DCA 1989). This discretion cannot be avoided by conditionally or partially withdrawing the motion. By withdrawing the motion for mistrial in this case, there was simply no motion for mistrial remaining which would require a court ruling.
*272 Third, any error was harmless. The physical evidence and other statements made to the officer and to Hite’s brothers were so overwhelming that the introduction of the challenged statement could not have affected the outcome of the trial. Hite was convicted only of driving with a suspended license and leaving the scene of an accident — both offenses admitted by Hite to his brothers and which admissions were introduced into evidence without objection.
AFFIRMED.
GRIFFIN, C.J., and DAUKSCH, J., concur.

. Hite also told the officer that "I figured you’d come looking for me,” because he had "put two and two together" from the newspaper. He also admitted that on his way home from work that night about ten o'clock he had heard a noise and felt an impact.