1999 Utah Ct. App. 358

**WEST VALLEY CITY, Plaintiff and Appellee,**

v.

**Greg ROBERTS and Roberts Roofing, Inc., Defendants and Appellants.**

**No. 990349–CA.**

Court of Appeals of Utah.

Dec. 9, 1999.

---

Greg Roberts, Salt Lake City, Appellants Pro Se.

Elliot R. Lawrence, West Valley City Attorney's Office, West Valley City, for Appellee.

Before WILKINS, P.J., and GREENWOOD, Associate P.J., and JACKSON, J.

## OPINION

WILKINS, Presiding Judge:

¶ 1 Appellants Greg Roberts and Roberts Roofing, Inc. sought review from an order by the West Valley City Community and Economic Development Department (the City) finding appellants in violation of certain West Valley City Uniform Building Code provisions. Appellants appeal the trial court's ruling dismissing their petition for review of this administrative decision and denying appellants' request for a hearing de novo. We reverse in part, affirm in part, and remand.

## BACKGROUND

¶ 2 The facts pertinent to this appeal are without dispute and may be summarily stated.

¶ 3 The City issued a Notice of Violation to appellants stating that the roofing repair work performed by them at a residence in West Valley City failed to conform to the City's building code. Appellants requested a hearing pursuant to the code.

¶ 4 The City held an informal administrative hearing regarding the alleged building code violations as permitted by West Valley City Code § 10–2–509. Thereafter, the administrative hearing officer issued an administrative code enforcement order, pursuant to West Valley City Code § 10–2–511, finding appellants in violation of various provisions of the code. Pursuant to section 10–2–601 of the City Code, appellants filed a petition to review the hearing officer's decision in the appropriate trial court.[1] Appellants immediately attempted to have the audio tapes of the hearing transcribed and transmitted to the trial court. However, appellants were informed that the tapes of the hearing were blank as a result of an equipment malfunction. As a result, appellants asked the trial court for a hearing de novo.

¶ 5 The trial court denied the request for a hearing de novo because section 10–2–601 restricts the court's review to the record of the proceedings. The court dismissed the petition to review the administrative officer's decision because there was "no record to review." This appeal followed.

## ISSUES AND STANDARD OF REVIEW

¶ 6 In this appeal we consider whether the City's defective recordation of the administrative hearing amounts to a violation of appellants' due process rights and whether the trial court's failure to rule on the petition for review, grant the hearing de novo, or remand the matter for a rehearing was erroneous. Due process challenges are questions of law that we review applying a correction of error standard. *See Tolman v. Salt Lake County Attorney*, 818 P.2d 23, 28 (Utah Ct. App.1991).

## ANALYSIS

### 1. Due Process Violation

¶ 7 Appellants first argue that the City's improper recording and maintenance of the administrative hearing record is a due process violation in that it deprived them of their right to meaningful judicial review of

---

1. Section 10–2–601 provides, in part that:

   (1) Any person adversely affected by any decision made in the exercise of the provisions of this Chapter may file a petition for review of the decision or order with the district court within 30 days after the decision is rendered.
   . . . .

   (3) The courts shall:
   (a) Presume that the administrative code enforcement hearing officer's decision and orders are valid; and
   (b) Review the record to determine whether or not the decision was arbitrary, capricious, or illegal.

   West Valley City Code § 10–2–601.

the administrative code enforcement order. We agree.

¶ 8 Both the United States Constitution and the Utah Constitution guarantee due process of law in governmental actions in which life, liberty, or property may be at risk. However, we need not reach this constitutional level of analysis here because procedural due process is guaranteed to the appellants by the West Valley City Code.

■■■ ¶ 9 The Utah Legislature has granted general welfare powers to cities which include the power to pass city ordinances. *See* Utah Code Ann. § 10–8–84 (1999). Also included in this grant of authority is a city's power to use administrative hearing procedures to enforce local ordinances. *See, e.g., Tolman,* 818 P.2d at 28 & n. 6 (stating "[p]rocedural rules may appear in statutes, ordinances, or even in an administrative body's own rules"). While strict rules of procedure need not apply in an administrative hearing, an administrative body may make procedural rules which it is then bound to follow. *See id.* Here, West Valley City's ordinance requires the City to record administrative enforcement hearings by audio tape. *See* West Valley City Code § 10–2–509(5).[2] Both parties concede that this ordinance requires the hearing to be recorded by audio tape. We agree. *See id.* The statutory scheme revealed by the City Code makes plain that one of the primary purposes for the mandatory recording of the proceedings is to allow review of the record by the district court, and to *limit* that review to the record produced in the administrative hearing.

¶ 10 In this case, for whatever reason, the tape recorder utilized by the City malfunctioned at the hearing. There is no recording, and therefore no transcript, of any portion of the proceeding. This glitch, albeit inadvertent, violates the mandatory language of West Valley City's municipal code. Nonetheless, the City argues that this malfunction does not rise to the level of a due process violation because the City followed its procedures by "attempting" to record the hearing.

Alternatively, the City maintains that an adequate record exists in the form of documentary evidence.

■■■ ¶ 11 Due process "requires that there be a record adequate to review specific claims of error already raised." *State v. Russell,* 917 P.2d 557, 559 (Utah Ct.App. 1996) (Footnote omitted). However, we do not presume error simply because a record is incomplete or unavailable. *See id.* at 560 (holding defendant not "unqualifiedly entitled to a complete record"); *State v. Morello,* 927 P.2d 646, 649 (Utah Ct.App.1996) (holding no presumption of "error simply because record is unavailable"). Rather, lack of an adequate record constitutes a basis for remand and a new hearing only where: (1) the absence or incompleteness of the record prejudices the appellant; (2) the record cannot be satisfactorily reconstructed (i.e., by affidavits or other documentary evidence); *and,* (3) the appellant timely requests the relevant portion of the record. *See Russell,* 917 P.2d at 558–59 & n. 1; *Morello,* 927 P.2d at 649; *Littlefield v. State,* 114 N.M. 390, 839 P.2d 134, 138–39 (N.M.Ct.App.1992); *see also Emig v. Hayward,* 703 P.2d 1043, 1048–49 (Utah 1985) (requiring timely request for transcript or appellant assumes risk of loss); *Department of Community Affairs v. Utah Merit Sys. Council,* 614 P.2d 1259, 1261 (Utah 1980) (although record was deficient due to loss of witness's testimony, resulting from tape recorder malfunction, affidavits cured defect); *Tolman,* 818 P.2d at 27–28 n. 5 (stating while minor omissions in transcript may be inconsequential or may be corrected through affidavits, numerous omissions from transcript constitute grounds for new hearing).

■■■ ¶ 12 The purpose of recording and maintaining a record of a hearing "is to allow both for public inspection and to create a record that an appellate court may use to evaluate the basis of an ... [administrative decision]." *Studor, Inc. v. Examining Bd. of Plumbers,* 929 P.2d 46, 49 (Colo.Ct.App. 1996); *see Tolman,* 818 P.2d at 27–28 n. 5.

---

**2.** Section 10–2–509(5) provides, in part, that: "All hearings are open to the public. They *shall*

be recorded by audio tape." (Emphasis added.)

The mandatory language of the ordinance required the hearing to be recorded by audio tape. The appellants timely demanded the transcript. The unavailability of the transcript was through no fault of the appellants. And the information in the transcript is unavailable through other means such as affidavits or other documentary evidence.

¶ 13 We reject the City's argument that there was sufficient documentary evidence on the record to cure this defect. The record before us is devoid of any documentary evidence on this matter. The City's attachment of various documents in the appendix of its brief does not automatically render the documents part of the record. *See Olson v. Park–Craig–Olson, Inc.*, 815 P.2d 1356, 1359 (Utah Ct.App.1991) (disregarding affidavit appearing in addendum of brief when party did not seek leave to supplement record). Rather, the City must supplement the record by following the appropriate appellate procedure rules of this state. *See* Utah R.App. P. 11(h). The City's failure to do so constrains us to disregard this evidence and reject their argument. The complete absence of a record prevents meaningful review of the City's action at the hearing, and ultimately results in prejudice to appellants.

¶ 14 We hold that the appellants' due process rights were violated by the City's failure to adequately keep a record of the proceedings, leading inevitably to the dismissal of the appellants' petition for review.

¶ 15 We reject the City's argument that it followed appropriate procedures by "attempting" to record the hearing. The City's attempted recording falls short of the mandates of the municipal code. *See Springville Citizens v. City of Springville*, 979 P.2d 332, 337 (Utah 1999) (word "shall" in city ordinance was mandatory; district court's use of "substantial compliance doctrine" was erroneous). As such, we reverse the trial court's dismissal of appellants' petition for review and remand the matter to the trial court with instructions that it remand the

matter to the City for a new hearing.[3] As in this case, a new hearing is appropriate when a record is so incomplete that a person is denied meaningful judicial review. *See Tolman*, 818 P.2d at 27–28 n. 5 (granting new hearing before administrative body because of partial record); *Littlefield*, 839 P.2d at 138 (noting remanding and rehearing remedy); *Orage v. Pennsylvania*, 85 Pa.Cmwlth. 497, 482 A.2d 1174, 1177 (1984) (remanding for proper proceeding when Board failed to make a stenographic record of hearing) *rev'd on other grounds*, 511 Pa. 528, 515 A.2d 852 (1986).

### 2. De Novo Hearing

¶ 16 Appellants also argue that the trial court erred in denying them a hearing de novo. Appellants contend that *Xanthos v. Board of Adjustment*, 685 P.2d 1032 (Utah 1984) dictates that a hearing de novo would be an appropriate remedy in this case. We disagree. *Xanthos* does not stand for this proposition. Rather, in that case, the supreme court overturned the trial judge's decision to review an appeal de novo. *See id.* at 1038. Here, no provision in the City's ordinance authorizes de novo review of the City's actions. *See* West Valley City Code § 10–2–601(3) (indicating district court shall presume decision is valid and review record to determine whether decision was arbitrary, capricious or illegal). As such, we affirm the trial court's denial of the appellants' motion for a hearing de novo.

### CONCLUSION

¶ 17 The City's failure to properly record and maintain an audio recording of the administrative hearing, as mandated by the City's ordinance, created a situation which denied appellants meaningful judicial review. We therefore hold that the appellants were denied their procedural due process rights and reverse the trial court's dismissal of appellants' petition for review. We remand the matter to the trial court with

---

**3.** Appellants also ask that we require the City to bear all financial burden incurred by the necessity of a rehearing. However, Appellants offer no legal authority for our including such a requirement, nor are we aware of any authority applicable to a circumstance like this one. As such, Appellants' request is denied, and each party will be required to bear its own financial costs incurred in the rehearing.

instructions to remand to the City for a new hearing. Moreover, because a hearing de novo is not provided for by law under these circumstances, we affirm that part of the trial court's ruling.

¶ 18 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and NORMAN H. JACKSON, Judge.

1999 Utah Ct. App. 362

**In the Matter of the ADOPTION OF J.J. and S.J., minors.**