2008 UT App 168

**OREM CITY, Plaintiff and Appellee,**

v.

**Jaime M. LONGORIA, Defendant and Appellant.**

No. 20070218–CA.

Court of Appeals of Utah.

May 15, 2008.

Jason A. Schatz, Salt Lake City, for Appellant.

Andrew F. Peterson, Orem, for Appellee.

Before Judges BENCH, BILLINGS, and McHUGH.

## MEMORANDUM DECISION

BENCH, Judge:

¶1 Defendant Jaime M. Longoria appeals his convictions for driving under the influence (DUI) and reckless driving, both class B misdemeanors.

¶2 The facts of this case are not in dispute. After a jury found Defendant guilty of DUI and reckless driving, he filed a motion for a new trial, claiming that two jury instructions regarding his refusal to submit to field and chemical sobriety tests (collectively, the Sobriety Tests) unfairly shifted the burden of proof to the defense. The trial court granted the motion and thereafter conducted a second jury trial.

¶3 At the second trial, Defendant objected to the new refusal instructions, which read:

### Instruction No. 8

You are instructed that under Utah law a person operating a motor vehicle in this State is considered to have given consent to a chemical test or tests of his breath, blood or urine for the purpose of determining whether he/she was operating or in actual physical control of a motor vehicle while under the influence of alcohol, any drug, or a combination thereof.

When an officer arrests a person for [DUI], the officer may request the person to submit to a test of his breath, blood or

urine to determine the person's blood or breath alcohol level.

You may take notice of and give whatever weight you determine to [Defendant's] refusal to submit to the blood or breath test requested by the officer, just as you may weigh and consider any evidence presented.

### Instruction No. 9

The Defendant is not required, by law, to submit to the officer's request to perform field sobriety tests; however, you may take notice of and give whatever weight you determine to the fact that [Defendant] refused to perform any field sobriety tests.

Specifically, Defendant argued that these instructions should have included language explaining that a DUI suspect's refusal to submit to the Sobriety Tests may be supported by innocent reasons. The jury again convicted Defendant of DUI and reckless driving, and he now appeals. We review the propriety of jury instructions for correctness, granting no deference to the trial court. *See State v. Gibson,* 908 P.2d 352, 354 (Utah Ct.App.1995).

¶ 4 Defendant claims that because the instructions did not include his requested "innocent reasons" language, they still impermissibly shifted the burden of proof by creating a presumption of Defendant's guilt based on his refusal to submit to the Sobriety Tests. Defendant relies heavily on *State v. Bales,* 675 P.2d 573 (Utah 1983), a Utah Supreme Court case in which the court struck down language in a jury instruction that expressly imposed a presumption of guilt against the defendant for fleeing from the police. *See id.* at 574–76 (holding that the language "[y]ou are further instructed that flight affords a basis for an inference of consciousness of guilt and constitutes an implied admission" impermissibly infringed on the defendant's presumption of innocence). However, the court in *Bales* expressly held that certain other language in the instructions, which is similar to the challenged instructions in the instant case, was acceptable. *See id.* (upholding language in the challenged instruction that stated "the weight to which such circumstance is entitled is a matter for the jury to determine").

¶ 5 Here, much like the trial court in *Bales,* the trial court instructed the jury in both challenged instructions that they were permitted to "give whatever weight [they] determine[d]" to the evidence of Defendant's refusals. Unlike the instructions in *Bales,* the instructions challenged here did not contain any language that adversely affected Defendant's presumption of innocence, and Defendant has failed to persuade us that any language in the instructions shifted the burden of proof to the defense. The given instructions simply informed the jurors that they were to give whatever weight to the refusal evidence they chose.

¶ 6 Further, Defendant's argument that the trial court erred by not including the "innocent reasons" language fails because Defendant has not demonstrated that any such innocent reasons existed in the evidence presented. In arguing that this type of language should have been included in the instructions, counsel has not pointed to evidence that the jury could have considered in support of the supposed innocent refusals.[1] The record before us on appeal does not show that the requested language was warranted by the evidence. Therefore, the trial court did not err in refusing to include it in the instructions.

¶ 7 The instructions from the second jury trial did not deny Defendant his presumption of innocence or impermissibly shift the burden of proof. The instructions simply in-

---

1. At oral argument, Defendant argued that, in fact, there was some evidence before the jury regarding his reasons for refusing the Sobriety Tests. However, this argument was not briefed and we do not have a full transcript before us on appeal. *See* Utah R.App. P. 11(e)(2) (requiring the appellant to provide a transcript for the appellate court's review). We therefore do not address the effect of this supposed evidence on our analysis. *See Sampson v. Richins,* 770 P.2d 998, 1002 (Utah Ct.App.1989) ("Where the record before us is incomplete, we are unable to review the evidence as a whole and must therefore presume that the verdict was supported by admissible and competent evidence." (internal quotation marks omitted)).

formed the jurors that they may give whatever weight they wished to the refusal evidence. Also, because Defendant has not shown that the evidence at trial could have supported the jury's consideration of any innocent reasons for his refusals, acknowledgment of such was not warranted in the jury instructions.

¶ 8 We therefore affirm Defendant's convictions.

¶ 9 WE CONCUR: JUDITH M. BILLINGS and CAROLYN B. McHUGH, Judges.