2011 UT App 261

STATE of Utah, Plaintiff and Appellee,

v.

Paul PRAWITT, Defendant and Appellant.

No. 20090874–CA.

Court of Appeals of Utah.

Aug. 11, 2011.

Bryan Sidwell, Sandy, for Appellant.

Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and THORNE.

## OPINION

DAVIS, Judge:

¶ 1 Paul Prawitt appeals from his convictions of multiple driving and alcohol-related offenses. We affirm.

## BACKGROUND

¶ 2 On July 27, 2007, at about 2:30 a.m., Officer Salvador Toscano discovered Prawitt asleep in the driver's seat of a vehicle. The vehicle was legally parked on the side of the road, and Prawitt's leg was hanging out the window. Toscano determined that Prawitt

had actual physical control of the vehicle and was under the influence of alcohol. Toscano then arrested Prawitt for driving under the influence. A subsequent search of Prawitt's vehicle revealed open beer containers.

¶ 3 Prawitt was charged with and tried on multiple charges arising from the incident. Prawitt claims to have raised objections to several potential jurors during voir dire, but those objections took place off the record. Prawitt also claims to have objected to a jury instruction concerning his refusal to submit to a breath or blood test for alcohol. During trial, Toscano testified that he was unaware that the keys to Prawitt's vehicle were in the vehicle's center console at the time he was arrested. This prompted Prawitt to move for suppression of the evidence discovered following his arrest on the ground that Toscano had lacked probable cause to believe that Prawitt was in actual physical control of the vehicle. The district court denied the motion. Prawitt was convicted on all charges and brings this appeal.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 4 Prawitt first argues that his due process rights were violated when the district court failed to record certain bench and in-chambers conferences that occurred during trial. "Due process challenges are questions of law that we review applying a correction of error standard." *West Valley City v. Roberts,* 1999 UT App 358, ¶ 6, 993 P.2d 252.

■ ¶ 5 Next, Prawitt argues that the jury instruction on refusal of chemical tests impermissibly shifted the State's burden of proof onto him. " 'A challenge to a jury instruction as incorrectly stating the law presents a question of law, which we review for correctness.' " *State v. Maese,* 2010 UT App 106, ¶ 7, 236 P.3d 155 (quoting *State v. Weisberg,* 2002 UT App 434, ¶ 12, 62 P.3d 457), *cert. denied,* 247 P.3d 774 (Utah 2011).

■ ¶ 6 Finally, Prawitt argues that the district court erred in denying his motion to suppress evidence arising from his arrest. Prawitt argues that Toscano lacked probable

cause to arrest him for driving while intoxicated because at the time of the arrest Toscano did not know that the vehicle's keys were in Prawitt's possession. Prawitt thus argues that all evidence discovered after his arrest, including the keys, his refusal to submit to a breath or blood test, and the open beer containers, should be suppressed.[1] When reviewing a district court's denial of a motion to suppress, we disturb the court's findings of fact only when they are clearly erroneous, and review the court's legal conclusions for correctness. *See State v. Baker,* 2010 UT 18, ¶ 7, 229 P.3d 650.

## ANALYSIS

### I. Due Process Challenge

■ ¶ 7 Prawitt first argues that Utah's district courts are courts of record and that the district court's failure to ensure the recording of bench and in-chambers conferences violated his due process rights. Prawitt asserts that he raised multiple objections to potential jurors during the unrecorded conferences and that the lack of recording has deprived him of meaningful appellate review.

■ ¶ 8 Due process " 'requires that there be a record adequate to review specific claims of error already raised.' " *Roberts,* 1999 UT App 358, ¶ 11, 993 P.2d 252 (quoting *State v. Russell,* 917 P.2d 557, 559 (Utah Ct.App.1996)). And Prawitt is correct that the district court shares in the responsibility to ensure that an adequate record is made. *See* Utah Const. art. VIII, § 1 ("The Supreme Court, the district court, and such other courts designated by statute shall be courts of record."); *Birch v. Birch,* 771 P.2d 1114, 1116 (Utah Ct.App.1989) ("[A] record should be made of *all* proceedings of courts of record."). However, the ultimate burden is on a defendant " 'to make certain that the record he compiles will adequately preserve his arguments for review.' " *State v. Johnson,* 2006 UT App 3, ¶ 13, 129 P.3d 282 (quoting *State v. Smedley,* 2003 UT App 79, ¶ 10, 67 P.3d 1005). "One who fails to make a neces-

---

1. Prawitt does not argue that this evidence is insufficient to support his convictions, but only that it should have been suppressed.

sary objection *or who fails to ensure that it is on the record* is deemed to have waived the issue." *Id.* (emphasis added) (internal quotation marks omitted).

¶ 9 Prawitt made his objections during bench and in-chambers conferences, which are often not conducted on the record.[2] He was thus on notice of the likelihood that his objections would go unrecorded. When he did not request that the conferences be held on the record or otherwise create a record of his objections, he failed to preserve his objections for appellate review.

 ¶ 10 The Utah Rules of Appellate Procedure also allow for supplementation of the record after the fact to recreate unrecorded matters. *See* Utah R.App. P. 11(g). "[L]ack of an adequate record constitutes a basis for remand and a new hearing *only* where ... the record cannot be satisfactorily reconstructed (i.e., by affidavits or other documentary evidence)...." *West Valley City v. Roberts,* 1999 UT App 358, ¶ 11, 993 P.2d 252 (emphasis added). Here, Prawitt could have obtained an affidavit from his trial counsel, submitted his counsel's notes if those identified the unrecorded objections, or even submitted his own affidavit. Yet there is no indication that Prawitt attempted these or any other steps to reconstruct the missing objections. Prawitt's failure to ensure that his objections were recorded at trial and his failure to reconstruct the record under rule 11 precludes any finding of a due process violation under the circumstances. *See Johnson,* 2006 UT App 3, ¶ 13, 129 P.3d 282; *Roberts,* 1999 UT App 358, ¶ 11, 993 P.2d 252.

¶ 11 Ultimately, Prawitt carried the burden to ensure "that the record he compiles will adequately preserve his arguments for review," *see Johnson,* 2006 UT App 3, ¶ 13, 129 P.3d 282. He failed to take any reasonable steps to meet that burden, and accordingly, we observe no violation of his due

process rights arising from the unrecorded and unpreserved objections.

## II. Jury Instruction Issue

 ¶ 12 Prawitt next challenges the jury instruction on refusal to submit to a breath or blood test. The challenged instruction stated,

A person operating or in actual physical control of a motor vehicle in this state is considered to have given his consent to a chemical test or tests of his breath, blood, or urine for the purposes of determining whether he was operating or in actual physical control of a motor vehicle while having a blood or breath alcohol content statutorily prohibited, or under the influence of alcohol, any drug or combination of alcohol and any drug.

If an officer requests such a test, a person may refuse to take the test and potentially suffer certain adverse legal consequences as a result of that refusal namely, the revocation of the person's license to operate a motor vehicle.

Prawitt argues that this instruction effectively shifted the State's burden of proof onto him and that the jury instruction should have said, "You may take notice of and give whatever weight you determine to [Prawitt's] refusal to submit to the blood or breath test," *see Orem City v. Longoria,* 2008 UT App 168, ¶ 3, 186 P.3d 958 (mem.).

 ¶ 13 We do not consider the merits of Prawitt's argument because it was not preserved for appeal. To preserve an issue for appeal in a criminal matter, an objection must be made on the district court record, *see State v. Worwood,* 2007 UT 47, ¶ 16, 164 P.3d 397, and "the issue must be sufficiently raised to a level of consciousness before the trial court and must be supported by evidence or relevant legal authority," *State v. Dean,* 2004 UT 63, ¶ 13, 95 P.3d 276 (internal quotation marks omitted). Here, there is no record evidence that Prawitt raised his jury instruction argument in the district court.[3]

---

2. There is no suggestion or argument that Prawitt had been misled or was under the mistaken impression that the conferences were, in fact, being recorded.

3. Prawitt argues that he did object to the jury instruction but that this objection also took place off the record. Again, even if verbatim transcripts of the objection are not available, the burden is upon the parties to ensure that objections are placed on the record to preserve argu-

¶ 14 To the extent that Prawitt argues on appeal that the giving of this instruction constituted plain error on the part of the district court, we reject Prawitt's argument because any such error could not have prejudiced his defense. "To prevail under plain error review, a defendant must demonstrate that [1] an error exists; [2] the error should have been obvious to the trial court; and [3] the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome." *State v. Low*, 2008 UT 58, ¶ 20, 192 P.3d 867 (alterations in original) (internal quotation marks omitted). Error can be considered harmless when the evidence against a defendant is so overwhelming that no other result would have been reasonably likely had the error not occurred. *See generally State v. Tanner*, 2011 UT App 39, ¶ 11, 248 P.3d 61 ("In light of this overwhelming evidence of Defendant's guilt, we conclude that any error in denying Defendant's motion to compel was harmless.").

¶ 15 Here, the evidence of Prawitt's guilt on the charges against him was overwhelming. He was found behind the wheel of an operable vehicle with no other potential driver present. Prawitt did not tell the arresting officer that anyone else had been driving the vehicle, and he gave contradictory stories about his destination and how the vehicle had come to be there. He appeared to be intoxicated, failed field sobriety tests, had a revoked driver license, and was in possession of open beer containers in his vehicle. This evidence is strongly indicative of driving under the influence of alcohol and the other offenses charged, and we are not persuaded of any reasonable likelihood of a different result had the allegedly erroneous jury instruction on refusal to submit to a breath or blood test included language directing the jury to give whatever weight it determined to Prawitt's refusal.

### III. Motion to Suppress

¶ 16 Finally, Prawitt argues that the district court erred when it denied his midtrial motion to suppress evidence obtained at the scene of his arrest. Prawitt's motion was prompted by Toscano's trial testimony that he did not observe the vehicle's keys within Prawitt's reach prior to arresting him-a change from Toscano's police report, wherein he had stated that the keys had been found and tried in the ignition by officers *prior* to the arrest. Prawitt argued that without knowledge that the keys were present in the vehicle, Toscano had no probable cause to believe that the vehicle was operable or that Prawitt was in actual physical control of it. We review Prawitt's argument in light of the substantial other facts supporting a finding of probable cause to believe that Prawitt was in actual physical control of his vehicle.

¶ 17 There are several nonexclusive factors for assessing whether a person is in actual physical control of a vehicle, which are to be evaluated under the totality of the circumstances. *See State v. Barnhart*, 850 P.2d 473, 477–78 (Utah Ct.App.1993). These factors, as enumerated in *Richfield City v. Walker*, 790 P.2d 87 (Utah Ct.App.1990), include

> (1) whether defendant was asleep or awake when discovered; (2) the position of the automobile; (3) whether the automobile's motor was running; (4) whether defendant was positioned in the driver's seat of the vehicle; (5) whether defendant was the vehicle's sole occupant; (6) whether defendant had possession of the ignition key; (7) defendant's apparent ability to start and move the vehicle; (8) how the car got to where it was found; and (9) whether defendant drove it there.

*Id.* at 93. Here, the State presented substantial evidence that would support a determination of probable cause to believe that Prawitt was in actual physical control of the vehicle, even without consideration of exactly when Toscano observed that the keys were present in the vehicle.

¶ 18 Applying the *Richfield* factors to the facts of this case, Prawitt was discovered asleep in the driver's seat of the vehicle. The vehicle was legally parked on the side of the road, and the motor was not running. Prawitt was the sole occupant of the vehicle. He appeared capable of operating the vehi-

ments for appellate review. *See State v. Johnson*, 2006 UT App 3, ¶ 13, 129 P.3d 282.

cle, and it appeared to be capable of being driven. No other persons were present, nor did Prawitt claim that anyone had left, and Prawitt indicated to Toscano that he had in fact driven the vehicle to the location where it was discovered.

¶ 19 This evidence readily satisfies the State's burden of establishing probable cause to believe that Prawitt was in actual physical control of the vehicle. In our view, the inferences arising from Prawitt's sole occupancy of the vehicle, his position in the driver's seat, and his indication that he had driven the vehicle to its discovered location are sufficient to create probable cause even in the absence of the other *Richfield* factors.[4] *See generally State v. Clark*, 2001 UT 9, ¶ 20, 20 P.3d 300 ("Viewing the evidence, and all reasonable inferences therefrom, in a light most favorable to the State, the State has shown probable cause."); *Barnhart*, 850 P.2d at 477–78 (stating that none of the *Richfield* factors are "dispositive of the question [of actual physical control of a vehicle] as a matter of law").

¶ 20 The State presented ample evidence demonstrating Toscano's probable cause to believe that Prawitt had actual physical control of his vehicle at the time he was arrested. Accordingly, the district court properly denied Prawitt's suppression motion.

¶ 21 Although we believe the State satisfied its burden of establishing only probable cause, we note the possible perverse consequence this decision may have of encouraging drunk drivers to hedge their bets against getting caught and keep driving, rather than pull over and "sleep it off" in their vehicles, *see Richfield*, 790 P.2d at 93. The *Richfield* court recognized the "compelling argument that intoxicated drivers should be encouraged to pull off to the side of the road to sleep it off," but also categorized this consideration as "more appropriately [in] the province of the legislature."[5] *Id.* While the results in this case and in *Richfield* may have unintended consequences, we are nonetheless bound by *Richfield* under the doctrine of horizontal stare decisis, *see State v. Thurman*, 846 P.2d 1256, 1269 (Utah 1993) ("[S]tare decisis has equal application when one panel of a multi-panel appellate court is faced with a prior decision of a different panel.").[6]

## CONCLUSION

¶ 22 We conclude that Prawitt failed to meet his burden of ensuring an adequate record for appeal either by making his objections on the record to begin with or by recreating them after the fact. As to his plain error claim, he has failed to show harm arising from any error in the jury instructions. Finally, the district court properly denied his motion to suppress evidence. Accordingly, we affirm Prawitt's convictions.

¶ 23 I CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge.

---

4. We note that officers could also have reasonably inferred that the vehicle's keys were present in light of Prawitt's sole occupancy of the vehicle and position in the driver's seat.

5. More specifically, the *Richfield* court stated, "If the legislature deems it desirable to encourage drinking drivers to pull off the road and refrain from driving while intoxicated, it could delete the words 'or be in physical control of' [from the relevant statute] to accomplish that purpose." *Richfield City v. Walker*, 790 P.2d 87, 93 (Utah Ct.App.1990) (quoting Utah Code Ann. § 41–6–43 (1983)). We, however, do not believe it is necessary to eliminate the "actual physical control" element to encourage drivers to pull off the road. Rather, evidence that the driver had limited access to the keys or was otherwise unable to operate the vehicle should be dispositive of the issue.

6. Although we are bound in this matter, it is also important to note that the *Richfield* decision relied heavily on a case that found the sleeping driver in "physical control of" his vehicle primarily because the key was in the ignition, a fact that does not exist in Prawitt's case. *See* 790 P.2d at 92–93 (relying on a Florida case described as "factually identical with the [*Richfield*] case" in that both involved drivers sleeping across the front seat, with the engine off, lights on, and keys in the ignition, and concluding that the presence of "the keys ... still in the ignition and the headlights ... on, [means the driver] is ready to go, and the potential for tragedy is present" (citing *Fieselman v. State*, 537 So.2d 603, 607 (Fla.Dist.Ct.App.1988) (recognizing that although the presence of the key in the ignition "does not inexorably lead to the conclusion that the defendant was in actual physical control of the vehicle," it does demonstrate that the driver, "while intoxicated, placed the keys in the ignition and thus was at least at that moment in actual physical control of the vehicle while intoxicated"))).

THORNE, Judge (concurring and dissenting):

¶ 24 I agree wholeheartedly with the majority opinion with the exception of paragraph twenty-one. I do not believe that the legislative policy reflected in the statute is as clearly wrong as the majority seems to believe, nor do I think that the analysis in that paragraph is needed for the decision. Therefore, I do not join in that portion of the opinion.