2013 UT App 35

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

ROSENDO ROMAN RUVALCABA,

*Defendant and Appellant.*

Per Curiam Decision
No. 20120062-CA
Filed February 14, 2013

Fourth District, Fillmore Department
The Honorable James M. Brady
No. 111700066

James K. Slavens, Attorney for Appellant
John E. Swallow and Michelle M. Young, Attorneys for Appellee

Before JUDGES DAVIS, McHUGH, and VOROS.

PER CURIAM:

¶1 Rosendo Roman Ruvalcaba appeals from his convictions of possession or use of a controlled substance and possession of a firearm by a restricted person. Ruvalcaba alleges that the trial court erred in denying his motion to suppress. More particularly, Ruvalcaba argues that the investigating officer improperly extended the initial stop without reasonable suspicion.

¶2 In reviewing a trial court's denial of a motion to suppress, "we review the trial court's factual findings for clear error and we review its conclusions of law for correctness." *State v. Tiedemann*, 2007 UT 49, ¶ 11, 162 P.3d 1106 (citation omitted). Here, the parties

stipulated to the operative facts; accordingly, we review only the correctness of the trial court's decision.

¶3     A traffic stop must be "lawful at its inception" and be "executed in a reasonable manner." *Illinois v. Caballes*, 543 U.S. 405, 408 (2005). Here, Ruvalcaba admits that the investigating officer had reasonable suspicion to initiate a stop after the officer observed Ruvalcaba's vehicle parked in the middle of a dirt road, which led to a public campground, with the vehicle's lights on and engine running. Accordingly, the only issue is whether the stop was executed in a reasonable manner. Ruvalcaba argues that once the officer learned that Ruvalcaba was in the car and had been sleeping, he had no reasonable suspicion to extend the stop to investigate whether Ruvalcaba had driven while impaired by asking Ruvalcaba to exit the vehicle and perform field sobriety tests. Normally, police must end the stop when the initial purpose for the stop is concluded. *See State v. Hensen*, 2002 UT 125, ¶ 31, 63 P.3d 650. However, "[i]f, during the scope of the traffic stop, the officer forms new reasonable articulable suspicion of criminal activity, the officer may also expediently investigate his new suspicion." *State v. Baker*, 2010 UT 18, ¶ 13, 229 P.3d 650.

¶4     Here, the totality of circumstances observed by the officer supported his reasonable suspicion that Ruvalcaba had been driving while impaired. When the officer initially observed the vehicle it was parked in the middle of a dirt road with its motor running and its lights on. The officer turned on his overhead lights and got no response from anyone in the vehicle. He then proceeded to the vehicle where he found Ruvalcaba slumped over the steering wheel with a gun on the dashboard. The officer had to yell and knock twice on the window before Ruvalcaba responded. When he did respond, Ruvalcaba appeared disoriented, groggy, and his eyes were red and watery. These circumstances justified the officer's question to Ruvalcaba about whether he had been drinking. Ruvalcaba's subsequent statement that he had been drinking, but "not too much," when added to the totality of preceding circumstances, provided sufficient justification for the officer to ask

Ruvalcaba to exit the vehicle and perform field sobriety tests. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1021 (9th Cir. 2009) (noting that "it is highly unusual to find someone asleep behind the wheel of a parked car, with its parking lights on, outside a drug store at 8:00 p.m."); *United States v. Wilson*, 758 F.2d 304, 306 (8th Cir. 1985) (concluding that an officer had reasonable suspicion to conduct an investigatory inquiry "based on information that the car was parked in a fire lane with the engine running and was occupied by two apparently unconscious persons"); *York v. State*, 342 S.W.3d 528, 535–37 (Tex. Crim. App. 2011) (holding that defendant sitting asleep in a vehicle parked partially on the sidewalk, with the lights on and the engine running at 3:00 a.m raised reasonable suspicion of public intoxication); *cf. State v. Prawitt*, 2011 UT App 261, ¶ 18–19, 262 P.3d 1203 (concluding that there was probable cause to believe that the defendant was in actual physical control of the vehicle where he was the sole occupant of the car and was asleep in the driver's seat). Accordingly, the trial court correctly denied Ruvalcaba's motion to suppress.

¶5     Affirmed.

―――――――